UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-4249-SELTZER

UNITED STATES OF AMERICA,     :

      Plaintiff,            :

v.                            :

JOHN ANTHONY ANSELMO,         :

      Defendant.            :
_____



## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on November 8, 2000, a hearing was held to determine whether the defendant **John Anthony Anselmo** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **John Anthony Anselmo** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. The defendant is charged with bank robbery, in violation of 18 U.S.C. § 2113(a). Therefore, the defendant is charged with a crime of violence. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that the defendant committed four bank robberies during October 2000. He was identified in bank surveillance photographs of each of the robberies, and in a post-arrest statement, the defendant admitted to having committed all four. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he has no property or other assets, and is addicted to heroin. He has a very lengthy arrest record, which dates back to 1985. His past crimes include theft, burglary, possession of narcotics, failure to appear and escape from a state prison facility. It is not likely that the defendant will appear if released on bond. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant committed four bank robberies, crimes of violence. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community, and there

is a substantial likelihood that he will flee if released prior to trial. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 13th day of November, 2000.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Tom Lanigan (FTL)
Pretrial Services (FTL)
AFPD Tim Day (FTL)