

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.00-6323-CR-HURLEY

UNITED STATES OF AMERICA

v.

JOHN ANTHONY ANSELMO et al,

DEFENDANTS,
_____/

GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States of America, in response to the Standing Discovery Order issued in this case file this response which is alphabetized and numbered to correspond to that original order and states as follows:

   A.   1.   There are no written or recorded statements made by the defendant.
        2.   The defendant made oral statements after arrest, in this matter in response to interrogation by a then known-to-be government agent. See attached four (4) page statement of the defendant given to FBI S/A Jim Lewis on October 31, 2000.

        3.   Defendant did not testify before the grand jury.

        4.   The defendant has a criminal history which is attached.

        5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendant, include but are not limited to:demand note from October 16, 2000.Bank of America robbery; Surveillance photographs from the October 16, 2000.Bank of America robbery; FDIC Certificate for Bank of America; Broward Sherif's Office offender photo of John ANSELMO; executed Miami Beach Police Department Miranda Warning dated October 31, 2000; black low top sneakers and large black Casio wrist watch.

        6.   The results or reports of physical or mental examinations or scientific tests or experiments made in connection with this case, if any exist, will be provided as soon as they are received by the undersigned.

   B.   The United States requests the discovery and production



of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C. The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976) is as follows: none known.

D. The existence and substance of payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959) is as follows: none known

E. None Known

F. The defendants were not identified in any photo spread.

G. The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

H. The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b). Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise. On October 23, 2000, FELTZER and Kimberly Adams robbed the Bank of America, an FDIC insured institution, located at 1601 E. Oakland Park Blvd.

I. The defendant was not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or a person against whom the interception was directed.

J. The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

K. There are no controlled substances which are the subject of the indictment in this case.

L. The United States may seize or forfeit any automobile, vessel or aircraft allegedly used in the commission of the offenses in this indictment, the Mercury Topez used by the defendant in the commission of the offense.

M. Latent fingerprints of the defendant were recovered in this case. Latent Finger prints were recovered from front door

handle of the SouthTrust bank in Pompano Beach, Florida on October 16, 2000. These prints were compared with the known fingerprints of Joseph Felzer and it was determined that the recovered fingerprints matched the known prints of Joseph Felzer. The lab report of the comparison referenced above is attached.

The United States demands, pursuant to Federal Rule of Criminal Procedure 12.1, notice of the defendant's intention to offer a defense of alibi. The approximate date, time and place at which the alleged offenses were committed are as follows:

Time and Date: 12:15 PM October 16, 2000; 3:00 PM October 16, 2000; 11:00 AM October 19, 2000; 3:00PM October 24, 2000 (ANSELMO); and 3:12PM October 24, 2000 (ANSELMO).

Place:       Broward County, Florida

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was mailed this 21 st day of November, 2000 to: Martin Bidwell, Supervisory Assistant Federal Public Defender, 400 Australian Ave south suite 300 West Palm Beach, FL 33401.

_____
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY

cc: S/A Eric C. Miller, FBI

Offender Photo

Page 1 of 1

# BSOPICS
### JMS Number: 190000135

Back

New Query



Anselmo, John Anthony
09/02/64

Back

New Query

http://bsopics/OffenderPhoto.asp?File=93180&JPICSID=46713

10/25/2000

# Miami Beach Police Department

## MIRANDA WARNING

BEFORE YOU ARE ASKED ANY QUESTIONS, YOU MUST UNDERSTAND THE FOLLOWING RIGHTS:

1. You have a right to remain silent and you do not have to talk to me if you do not wish to do so. You do not have to answer any of my questions. Do you understand that right?

    YES: ✓        NO: _____

2. Should you talk to me, anything which you might say may be introduced into evidence in court against you. Do you understand?

    YES: ✓        NO: _____

3. If you want a lawyer to be present during questioning, at this time or anytime hereafter, you are entitled to have the lawyer present. Do you understand that right?

    YES: ✓        NO: _____

4. If you cannot afford to pay for a lawyer, one will be provided for you at no cost if you want one. Do you understand that right?

    YES: ✓        NO: _____

KNOWING THESE RIGHTS, ARE YOU NOW WILLING TO ANSWER MY QUESTIONS WITHOUT HAVING A LAWYER PRESENT?

    YES: ✓        NO: _____

THIS STATEMENT IS SIGNED OF MY OWN FREE WILL WITHOUT ANY THREATS OR PROMISES HAVING BEEN MADE TO ME.

X [signature]           10/31/00  4:00
Signature               Date/Time

S/A James T. Lewis FBI Miami
Advising Officer      Date/Time  10/31/00
                                 4:00 PM

_____
Witness        Date/Time

grs\!\mbpd\pfprod\miranda2.frp  rev 12/95

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription   11/14/2000

    JOHN ANTHONY ANSELMO, white male, date of birth (DOB): September 2, 1964, Social Security Account Number (SSAN): 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, was interviewed at the MIAMI BEACH POLICE DEPARTMENT (MBPD) by Special Agent (SA) JAMES T. LEWIS and BROWARD COUNTY SHERIFF'S OFFICE (BSO) Detective JAMES YOUNG. This interview was conducted subsequent to ANSELMO's arrest in Miami Beach for a shoplifting violation. ANSELMO's true identity was determined after the arrest, which revealed one outstanding Federal warrant for bank robbery. Thereafter, SA LEWIS responded to MBPD for this interview. This interview was initiated at approximately 3:52 p.m. in an interview room of the Criminal Investigation Division of the MBPD.

    ANSELMO stated that he last ate approximately five days ago and had only been snacking over the past few days. He stated that he last used drugs, specifically heroin intravenously, yesterday. He stated that on this date he had drank two beers. ANSELMO was given a soda and a candy bar at 4:08 p.m. ANSELMO was read his Miranda warnings by SA LEWIS, via a MBPD Miranda warning form. ANSELMO indicated that he wished to wave his Miranda rights and thereafter signed the form. The original advice of rights form will be placed in the 1-A section of the file. Although tired, ANSELMO appeared to understand SA LEWIS and provided a coherent statement. ANSELMO was informed that he had been charged via criminal complaint with one count of bank robbery for the robbery of the WASHINGTON MUTUAL SAVINGS BANK on October 24, 2000. However, ANSELMO was also informed that he was suspected in several other bank robberies in Broward County within the past few weeks. Thereafter, ANSELMO provided the following information:

    ANSELMO admitted to robbing the BANK OF AMERICA on University Drive in Davie and identified this bank as the first robbery he committed. He stated he entered the bank with a note and asked for money. Upon receiving money, he exited the bank where after the dye pack exploded and he dropped the bag. He identified JOSEPH FELZER as being with him during this robbery and stated that FELZER drove the get-away truck. ANSELMO stated he first met FELZER at a crack house in Fort Lauderdale off of Sunrise Boulevard. However, ANSELMO did not remember first going into the REGION BANK prior to the commission of the bank robbery.

---

Investigation on  10/31/2000  at  Miami Beach, Florida

File #  91A-MM-96207                                Date dictated  11/06/2000

by  SA JAMES T. LEWIS            JTL:blc

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency;

FD-302a (Rev. 10-6-95)

91A-MM-96207

Continuation of FD-302 of  **TINA and BARBARA ANSELMO**  , On  **10/31/2000**  , Page  **2**

Thereafter, ANSELMO was shown a surveillance photograph from the BANK OF AMERICA robbery on October 16, 2000. He identified himself in the photograph and signed and dated the back of the photograph. For informational purposes, all surveillances photographs signed by ANSELMO will be placed in the 1-A section of the file.

ANSELMO was then asked about the robbery of the SOUTH TRUST BANK, 3885 North Federal Highway, Pompano Beach, Florida on the same day as the BANK OF AMERICA robbery, October 16, 2000. He admitted to robbing the bank and again stated that he showed the victim teller a note and received an unknown amount of money. It should also be noted that at this time BSO Detective YOUNG joined in on the interview of ANSELMO. ANSELMO stated that FELZER was at the door and also drove the get-away car after the robbery. He stated that FELZER was involved in a hit and run accident after this robbery and that they went to a local gas station to get gas. ANSELMO stated that he was high during all of these robberies and did not remember the exact name of the bank. He again signed and dated the back of a surveillance photograph from that robbery, indicating that it was him depicted in the picture.

ANSELMO was then asked about his involvement in the robbery of the REPUBLIC BANK, 1886 West Hillsborough Boulevard, Deerfield Beach, Florida, on October 19, 2000. He stated that he did go into that bank located on Hillsborough and further identified it as being near CENTURY VILLAGE. He again stated that JOSEPH FELZER was driving the truck during the commission of the robbery, further identified as a Chevrolet S-10 pickup truck. He did not have any recollection of the specific names of banks that he entered shortly before the robbery. He admitted to presenting the victim teller a note and receiving an unknown amount of money during the robbery. He again left the bank with FELZER and stated that they both got high on drugs after this robbery.

The next robbery ANSELMO admitted to being involved in was the attempted robbery of the NORTHERN TRUST BANK, 2601 East Oakland Park Boulevard, Fort Lauderdale, Florida, on October 24, 2000. ANSELMO admitted to standing in line, but only stated that he left the bank without obtaining any money. However, he then admitted to entering a bank, further identified as the WASHINGTON MUTUAL SAVINGS BANK, located on Federal Highway near Oakland Park Boulevard shortly after leaving the NORTHERN TRUST BANK. ANSELMO stated that he hooked up with a newspaper vendor on Federal Highway and Commercial Boulevard, but that the vendor did not realize that ANSELMO was committing a bank robbery. ANSELMO stated that he

FD-302a (Rev. 10-6-95)

91A-MM-96207

Continuation of FD-302 of  TINA and BARBARA ANSELMO  , On 10/31/2000 , Page 3

presented a demand note and received an unknown amount of money. He then admitted to getting dropped off in a taxi after the robbery at PEACHES in Fort Lauderdale. He was shown a surveillance photograph from this robbery and signed and dated the back of the surveillance photograph, indicating that it was him depicted in the photograph.

ANSELMO stated that he has been staying and living on the street since this last bank robbery. He admitted to visiting Hollywood, Fort Lauderdale and Miami Beach and sleeping on the beach. ANSELMO stated he did not remember a white female named ANGIE being in a car after the robbery of the SOUTH TRUST BANK on October 16, 2000.

ANSELMO stated that he was sorry for robbing all of the banks, and admitted to robbing all of the banks. He said he felt bad about doing the robberies, but he got the idea for robbing the banks from JOSEPH FELZER. ANSELMO was either high or stoned during all of the robberies and even said that he saw the coverage of one of his bank robberies on a local television station. He also heard that FELZER had been arrested after the robbery of the BANK OF AMERICA on October 23, 2000. He stated that his motivation for robbing the banks was to get money for the purchase of crack cocaine or heroin.

ANSELMO stated that all of the demand notes, except for the one that he left at the first bank robbery, were ripped up. He said that he had been pissed off at JOSEPH FELZER because FELZER did not care if he got caught, and was treating the whole thing as a joke. He even talked to FELZER about leaving town and traveling to Tennessee. ANSELMO stated that he told FELZER his name was "ANTHONY RUSSO."

When asked again about the robbery of the WASHINGTON MUTUAL SAVINGS BANK on October 24, 2000, ANSELMO further admitted to calling the taxi cab from a nearby motel. He again stated that he did not remember the second subject's name and that they split off shortly after driving away in the cab. However, he said that he picked up a third unknown subject at a WALGREENS pharmacy to go get crack cocaine. He then stated he gave the cab driver $100.00 for his fare.

ANSELMO said that FELZER sold and/or traded his pickup truck to local drug dealers for crack cocaine. He also said that

FD-302a (Rev. 10-6-95)

91A-MM-96207

Continuation of FD-302 of  TINA and BARBARA ANSELMO  , On 10/31/2000 , Page 4

in reference to ANGIE, he often would have sex and smoke crack cocaine with her.

    SA LEWIS took custody of ANSELMO's shoes and black wrist watch, which were worn in several of the bank robberies and clearly depicted in bank surveillance pictures.  These items will be placed in the bulky room for evidentiary purposes.  This interview with ANSELMO ended at approximately 4:47 p.m.

    ANSELMO was further described as follows:

| | |
|---|---|
| Race: | White |
| Sex: | Male |
| Date of birth: | September 2, 1964 |
| Height: | 5'5" |
| Weight: | 120 |
| Eyes: | Brown |
| Hair: | Black |
| Place of birth: | Illinois |
| Social Security Account Number: | 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 |
| FBI Number: | 459352EA6 |

    Thereafter, ANSELMO was transported to the DADE COUNTY JAIL by a local MBPD police officer.

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription  10/27/00

    Pursuant to the bank robbery investigation of the BANK OF AMERICA, 3580 University Drive, Davie, Florida, on October 16, 2000, Special Agent (SA) JAMES T. LEWIS obtained a copy of the FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC) certificate, which revealed a issue number of 3510-6 and an issue date of July 23, 1999. A copy of this FDIC certificate will be placed in the 1A section of the file.

Investigation on  10/16/00  at  Davie, Florida

File #  91A-MM-96207                                    Date dictated  10/24/00

by  SA JAMES T. LEWIS       JTL:mlt

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency;

# BROWARD SHERIFF'S OFFICE
## BROWARD COUNTY, FLORIDA
### LATENT FINGERPRINT REPORT

Lab Number: 00-3311B

Date: 11/4/00

Page ___ of ___

| OTHER AGENCY CASE NUMBER: | AGENCY: | OFFENSE: | CASE No: BSO |
|---|---|---|---|
| VICTIM: | | LOCATION OF OFFENSE: | ZONE: |
| | | | RECEIVED BY: DATE: |

### PHOTOS/LIFTS OBTAINED FROM

| Card Number | Location Interior/Exterior | Of Value Yes/No | Prints Finger/Palm | LATENT ANALYSIS (LATENT EXAMINER'S USE ONLY) |
|---|---|---|---|---|
| 1. See original report | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

Evidence Processed by:
SIGN ___ PRINT ___ DATE ___ CCN ___

Evaluated by:
SIGN ___ PRINT ___ DATE ___ CCN ___

### ELIMINATION PRINTS

| Name: | Prints Attached | DOB | Identified Yes/No | Card Number | LATENT ANALYSIS (LATENT EXAMINER'S USE ONLY) |
|---|---|---|---|---|---|
| Name: | | | | | |

### SUSPECTS

| Name: | DOB | Identified Yes/No | Card Number | IDENTIFICATION EFFECTED | Fingerprint Standards by | Date Obtained |
|---|---|---|---|---|---|---|
| Name: Anthony Anselmo | 4/2/64 | XX | 14 | Left thumb | BSO # 6020 | 8/30/92 |
| Name: Joseph John Felice | 4/4/71 | XX | | | | |

Remarks:

Investigating Detective:
SIGN ___ PRINT ___ DATE ___ CCN ___ Verified by: ___ AFIS Entry ☐Yes ☐No Need Elimination Prints ☐Yes

Business Telephone: ___ Pager: ___ Latent Examiner's Name: ___ CCN: ___ Date: 11/8/00

BSO CL#20 (Revised 12/97)

# BROWARD SHERIFF'S OFFICE
## BROWARD COUNTY, FLORIDA
### LATENT FINGERPRINT REPORT

Lab Number: 00-33118

Date: 11/2/00

OTHER AGENCY CASE NUMBER:

AGENCY: BSO Robbery

OFFENSE: Bank Robbery

CASE No: BSO-00-10-8223

VICTIM: SunTrust Bank

LOCATION OF OFFENSE: 3885 N Federal Hwy, Pomp Bch

ZONE:

"Complete by printing or typing first two lines of form and area left of double vertical line."

| Card Number | PHOTOS/LIFTS OBTAINED FROM | Location Interior Exterior | Of Value Yes No | Prints Finger Palm | LATENT ANALYSIS (LATENT EXAMINER'S USE ONLY) | RECEIVED BY: | DATE: |
|---|---|---|---|---|---|---|---|
| 1. | See original report | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |
| 4. | | | | | | | |
| 5. | | | | | | | |
| 6. | | | | | | | |
| 7. | | | | | | | |
| 8. | | | | | | | |
| 9. | | | | | | | |
| 10. | | | | | | | |

Evidence Processed by:
SIGN
PRINT
DATE
CCN

Evaluated by:
SIGN
PRINT
DATE
CCN

### ELIMINATION PRINTS

| Name: | DOB | Prints Assumed | Identified Yes No | Card Number |
|---|---|---|---|---|
| | | | | |

### SUSPECTS

| Name: | DOB | | Identified Yes No | Card Number | IDENTIFICATION EFFECTED | Fingerprint Standards by | Date Obtained |
|---|---|---|---|---|---|---|---|
| John Anthony Anselmo | 9/2/64 | | XX | 345 | | | |
| Joseph John Felzer | 12/14/71 | | XX | 14 | Left Thumb | BSO # 6920 | 8/30/92 |

Requestor:

Investigating Detective:
SIGN
PRINT Det. Ermo Gray
Business Telephone: 321-4270   Pager: 521-1375

Verified by: [signature] AFIS Entry

Latent Examiner's Name: [signature]

DYes DNo  Need Elimination Prints  CCN: 8548  Date: 11/8/00  DYes

BSO CU#20 (Revised 12/97)

# LATENT FINGERPRINT REPORT

Lab Number: _____

Date: October 16, 2000

Complete by printing or typing first two lines of form and area left of double vertical line.

| OTHER AGENCY CASE NUMBER: | AGENCY: BSO | OFFENSE: ROBBERY (BANK) | CASE NO: BSO00-22118 |
|---|---|---|---|
| VICTIM: SOUTH TRUST BANK | | LOCATION OF OFFENSE: 3885 N. FEDERAL HWY | ZONE: 903 |

Page 1 of 2

### PHOTOS/LIFTS OBTAINED FROM

| Card Number | | Location Interior/Exterior | LATENT ANALYSIS (LATENT EXAMINER'S USE ONLY) | | | RECEIVED BY: |
|---|---|---|---|---|---|---|
| | | | Of Value Yes/No | Prints Finger/Palm | | |
| 1. | LATENT/ COUNTER | ✓ | X | | | |
| 2. | LATENT/ COUNTER | ✓ | X | | | |
| 3. | LATENT/ COUNTER | ✓ | X | | | |
| 4. | LATENT/ FORM DESK | ✓ | X | | | DATE: 10/19/00 |
| 5. | LATENT/ BACK OF THE DOORS' HAND RAIL | ✓ | X | M.Pasdon | | |
| 6. | LATENT/ BACK OF THE DOORS' HAND RAIL | ✓ | X | | | |
| 7. | LATENT/ BACK OF THE DOORS' HAND RAIL | ✓ | X | | | |
| 8. | LATENT/ BACK OF THE DOORS' HAND RAIL | ✓ | ✓ | | | |
| 9. | LATENT/ SIDE OF THE DOOR | ✓ | ✓ | | | |
| 10. | LATENT/ DOOR GLASS | ✓ | ✓ | | | |

Evidence Processed by:
SIGN: [signature]
PRINT: DEPUTY PAUL YESBECK    ID# 9009    CCN ____    DATE 10-16-00

Evaluated by:
SIGN: [signature]
PRINT: Eva E. Souder    DATE 10/23/00    CCN 8573

### LATENT ANALYSIS (LATENT EXAMINER'S USE ONLY)

| ELIMINATION PRINTS | | Prints Attached | DOB | | Identified Yes/No | Card Number |
|---|---|---|---|---|---|---|

### SUSPECTS

| Name: | | DOB | | Identified Yes/No | Card Number |
|---|---|---|---|---|---|
| Name: | | | | | |
| Name: | | | | | |
| Name: | | | | | |

IDENTIFICATION EFFECTED    Fingerprint Standards by ____    Date Obtained ____

Remarks:

Investigating Detective:
SIGN ____
PRINT ____
Business Telephone: ____    Pager: ____    CCN ____    DATE ____

Verified by: ____    AFIS Entry ☒ Yes ☐ No    Need Elimination Prints ☒ Yes

Latent Examiner's Name: ____    CCN ____    Date ____

BSO CL#20 (Revised 5/99)

Date: OCTOBER 16, 2000

# LATENT FINGERPRINT REPORT

Lab Number: _____  Page 2 of 2

Complete by printing or typing first two lines of form and area left of double vertical line.

| OTHER AGENCY CASE NUMBER: | AGENCY: BSO | OFFENSE: ROBBERY (BANK) | CASE NO: BSO BS00-10-8223 |
|---|---|---|---|
| VICTIM: Southtrust Bank | | LOCATION OF OFFENSE: 3885 N. FEDERAL HWY, POMPANO, FLORIDA | ZONE: 903 |

RECEIVED BY: [signature] E. Bowden 36   DATE: 10/19/00, 10/23/00

## LATENT ANALYSIS (LATENT EXAMINER'S USE ONLY)

| Card Number | PHOTOS/LIFTS OBTAINED FROM | Location Interior/Exterior | Prints Finger/Palm | Of Value Yes/No | Identified Yes/No | Card Number |
|---|---|---|---|---|---|---|
| 11. | LATENT/ DOOR GLASS | ✓ | | ✓ | | |
| 12. | LATENT/ DOOR GLASS | ✓ | | ✓ | | |
| 13. | LATENT/ DOOR GLASS | ✓ | | impression | | |
| 14. | LATENT/ FRONT OF THE DOOR HANDEL | ✓ | | ✓ | | |
| 5. | | | | XX | | |
| 6. | | | | XX | | |
| 7. | | | | | | |
| 8. | | | | | | |
| 9. | | | | | | |
| 10. | | | | | | |

Evidence Processed by:
SIGN [signature]
PRINT DEPUTY PAUL YESBECK   ID# 9009   CCN   DATE 10-16-00

Evaluated by:
SIGN [signature] Ellen B. Bowden
PRINT _____   CCN _____   DATE 10/_____

## LATENT ANALYSIS (LATENT EXAMINER'S USE ONLY)

### ELIMINATION PRINTS

| Name: | Prints Attached | DOB |
|---|---|---|

### SUSPECTS

| Name: | DOB |
|---|---|
| Name: | |
| Name: | |
| Name: | |

IDENTIFICATION EFFECTED

| | Fingerprint Standards by | Date Obtained |
|---|---|---|

Remarks:

Investigating Detective:
SIGN [signature]
PRINT _____   DATE _____   CCN _____

Verified by: _____   AFIS Entry ☒ Yes ☐ No   Need Elimination Prints ☐ Yes

Business Telephone: _____   Pager: _____   Latent Examiner's Name: _____   Date: _____

BSO CL#20 (Revised 5/99)

FD-302 (Rev. 10-6-95)

-1-

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription   11/13/2000

     Pursuant to the bank robbery investigation of the WASHINGTON MUTUAL SAVINGS BANK, 3201 North Federal Highway, Fort Lauderdale, Florida, Special Agent (SA) JAMES T. LEWIS obtained a copy of the bank's FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC) certificate.  The certificate bore an issue date of October 1, 1997, and a number of 32633-0.  A copy of the FDIC certificate will be placed in the 1-A section of the file.

---

Investigation on   10/24/2000   at   Fort Lauderdale, Florida

File #  91A-MM-96297   Date dictated   11/6/2000

by   SA JAMES T. LEWIS            JTL:blc

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency;



