```
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF FLORIDA
UNITED STATES OF AMERICA  :
                          :             CASE NO. 00-6323-CR-HURLEY
          Plaintiff,      :
                          :
                          :
vs.                       :
JOHN ANSELMO,             :
          Defendant.      :
_____:
```



## DEFENDANT MOTION FOR DOWNWARD DEPARTURE

Defendant, John Anselmo, through undersigned counsel seeks a downward departure predicated upon United States Sentencing Guideline, (U.S.S.G.) Sections 5K2.13-Diminished Capacity. The PSI in paragraphs 98 through 103 outline Mr. Anselmo's mental health. In particular paragraph 101 provides that John Anselmo suffers from post-traumatic stress disorder(PTSD), severe depression, dissociative disorder, dissociative absorption, depersonalization, and dissociative amnesia. Moreover these disorders are the defendant primary significant mental function(s). Depression and substance abuse are secondary to his PTSD.

§5K2.13 of the guidelines was amended drastically in November 1998. This amendment made crimes of violence subject to this mitigating guideline. Additionally the amended language defined a "significantly reduced mental capacity " as an impairment effecting the defendant's ability to control his behavior even though he knows it is wrongful.

Mr. Anselmo suffers from a significant mental impairment . PTSD qualifies as a significant impairment for purposes of application of this guideline, *United States v. Cantu* 12 F.3d 1506 (9th Cir. 1993). The use of addictive narcotics that self medicate the defendant are a consequence of his primary disorder, PTSD. As a condition of the cause this circumstance



contributes to the diminished capacity. John Anselmo's PTSD is a condition related to the reasons that Mr. Anselmo committed his bank robberies..

In order to grant this motion the Court should determine whether Mr. Anselmo's mental condition justifies a downward departure and than assess the extent of departure in light of it's finding of how much the impairment contributed to the commission of the offense. *United States v. Steele* 178 F.3d 1230 (11th Cir. 1999).

Wherefore the defendant respectfully request this Honorable Court grant this motion for downward departure.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was faxed this 12 day of June, 2001 to U.S. Probation in this Cause and also by fax to AUSA Thomas Lanigan.

Respectfully submitted,

DAVID P. HODGE
727 Northeast
Suite 100
Fort Lauderdale, Florida
(954) 462-6145
Fax (954) 462-4

BY: _____
David P. Hodge
FBN 47