# United States District Court

## Southern District of Florida

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| JOHN ANTHONY ANSELMO | Case Number: 0:00CR06323-001 |
| | David Hodge, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1, 2, 3 and 5 of the Indictment on March 26, 2001.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2113 | Bank robbery. | 10/24/2000 | 1, 2, 3 and 5 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) 4 _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | 06/15/2001 |
| Defendant's Date of Birth: 09/02/1964 | Date of Imposition of Judgment |
| Defendant's USM No.: 66553-004 | |
| Defendant's Residence Address: | Signature of Judicial Officer |
| 5321 NE 24th Terrace | |
| Apartment 504-A | Daniel T. K. Hurley |
| Fort Lauderdale, FL 33308 | United States District Judge |
| | Name & Title of Judicial Officer |
| Defendant's Mailing Address: | Date  June 21, 2001 |
| 5321 NE 24th Terrace | |
| Apartment 504-A | |
| Fort Lauderdale, FL 33308 | |

[Stamps: RECD by OCT 01 2001, CLARENCE MADDOX, CLERK U.S. DIST. CT., S.D. OF FLA. - W.P.B.; 2001 AUG 21 PM 2:03 RECEIVED SOUTHERN DISTRICT OF FLORIDA W. PALM BCH. OFF. UNITED STATES MARSHAL; Medical Center For Federal Prisoners RECORD OFFICE SEP 20 2001 RECEIVED; Certified to be a true and correct copy of the document on file Clarence Maddox, Clerk U.S. District Court Southern District of Florida by Deputy Clerk, August 21, 2001]

DEFENDANT: JOHN ANTHONY ANSELMO
CASE NUMBER: 0:00CR06323-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __92__ month(s).

This term of imprisonment consists of a term of 92 months as to each of Counts 1, 2, 3 and 5 of the Indictment, all to be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

The court recommends the defendant be permitted to participate in the 500 hour drug / alcohol rehabilitation program and the term of imprisonment be served at a federal institution in South Florida.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ a.m./p.m. on _____.
　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____.
　☐ as notified by the United States Marshal.
　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on __9-20-01__ to __MCFP__
at __Spfld, Mo__, with a certified copy of this judgment.

Bill Hedrick (signature)
~~UNITED STATES MARSHAL~~

By _____
Deputy U.S. Marshal

DEFENDANT: JOHN ANTHONY ANSELMO
CASE NUMBER: 0:00CR06323-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___3___ year(s) ___ .

This term of supervised release consists of a term of three (3) years as to each of Counts 1, 2, 3 and 5 of the Indictment, all to be served concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page    4

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        JOHN ANTHONY ANSELMO
CASE NUMBER:   0:00CR06323-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in an approved treatment program for mental health/substance abuse as directed by the U.S. Probation Office. Participation may include inpatient/outpatient treatment, if deemed necessary. The probationer/supervised releasee will contribute to the costs of services rendered (copayment) in an amount determined by the probation officer, based on ability to pay, or availability of third party payment.

The defendant shall maintain full time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the United States Probation Officer. Further, the defendant shall provide documentation including, but not limited to paystubs, contractual agreements, W-2 Wage and Earnings Statements, and other documents requested by the United States Probation Officer.

The defendant shall participate in the 12 step program for alcohol abuse as directed by the U.S. Probation Office. The defendant will contribute to the costs of services rendered (copayment) in an amount determined by the probation officer, based on ability to pay, or availability of third party payment.

The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the United States Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

The defendant shall obtain prior approval from the United States Probation Officer before entering into any self-employment.